NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30127 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00112-EJL |
| v. | |
| CHELSEA D. EDWARDS, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Rosanna Malouf Peterson, District Judge, Presiding**

Submitted March 8, 2017***

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Chelsea D. Edwards appeals from the district court's judgment and

challenges the 18-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Edwards contends that the district court procedurally erred by failing to explain the sentence adequately, justify its upward variance from the Guidelines range, and respond to her mitigating arguments. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and hold that there is none. The record reflects that the district court considered Edwards's arguments for a mid-range sentence and sufficiently explained its reasons for the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Edwards next claims that her sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Edwards's extensive criminal history and her repeated breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**

16-30127